# 936                     HARROW v. NISSNEWITZ.

plaintiff's motion for an order to restore this action to the calendar for trial with leave to renew upon proper papers and the payment of ten dollars costs.

*Morris P. Schaffer* (*Howard C. Lake*, of counsel), for the appellant.

*Budd & Coffey* (*Harold J. Cloutman*, of counsel), for the respondent.

---

HENRY HARROW, Plaintiff, Respondent, *v.* DAVID NISSNEWITZ,
Defendant, Appellant.

Supreme Court, Appellate Term, First Department, November 18, 1924.

**Bills and notes — action on promissory note given by defendant to plaintiff at dissolution of partnership — defendant alleged note was given to settle negligence action — failure to use note for purpose specified by defendant constitutes good defense of failure of consideration — motion by plaintiff for summary judgment improperly granted.**

An order granting plaintiff's motion for summary judgment in an action on a promissory note for $300 should be reversed, together with the judgment thereon, where it appears that the defendant in his answering affidavits alleges that the note was given to the plaintiff at the dissolution of a partnership between the parties as the defendant's contribution towards the settlement of a negligence action and that the plaintiff, instead of settling the action, so handled it that it now includes an action to recover $12,000, all of which, if proved, constitutes a good defense of failure of consideration.

APPEAL by defendant from an order of the Municipal Court of the city of New York, borough of The Bronx, second district, in favor of plaintiff granting a motion for summary judgment on the pleadings, also from said judgment.

*Mark Nave* (*Cartlandt C. Woodburn*, of counsel), for the appellant.

*Samuel E. Harwitz*, for the respondent.

GUY, J. The action is on a promissory note for $300, the defense a general denial and failure of consideration.

Plaintiff's motion papers set forth the making and delivery of note and non-payment.

Defendant in his opposing affidavit avers that the parties were partners; that on the dissolution of the partnership the plaintiff assumed and agreed to settle a negligence suit for $300, one-half of which was to be contributed by each, and that the note in suit represents this transaction; that instead of settling the negligence suit plaintiff has so handled it that it now includes two actions to recover $12,000.    This would, if proved, constitute a good defense of failure of consideration.

Plaintiff makes no replying affidavit.

The motion for summary judgment was improperly granted.

Judgment and order reversed, with ten dollars costs, and motion denied.

All concur; present, GUY, BIJUR and MULLAN, JJ.